BuLUARn, J.
delivered the opinion of the court.
This is air appeal from the judgment sustaining the opposition of Winter to the homologation of a sheriff’s sale of his plantation and salves made under color of a writ offieri faaias issued on a judgment recovered by Zacharie & Co. against him. The facts necessary for our present purpose, are, that Zacharie & Co. recovered a judgment against Winter upon which an execution issued and the plantation and slaves were sold and were purchased by J. W. Zacharie the present appellee. The parties afterwards entered into an agreement before a notary, by which it was stipulated, after reciting the previous judgment, execution and sheriff’s sale, that for and in consideration of two thousand six hundred dollars to be paid by Winter, Zacharie renounces and abandons to said Winter all the right, title and interest which he had acquired and transfers the same to him, that he may use and enjoy the same as if no adjudication had taken place. In consideration of the said renunciation, it was further agreed that the judgment by virtue of which the said sale had been made should be reinstated and considered as binding and valid as if no sale had been made by virtue of an execution which issued under it. The terms of payment of the debt for which the judgment had been rendered *52 were extended for one half until January, 1840, and the balance until 1841, until which periods no execution should issue. To secure the payment of the sum of $2,600, the same property is mortgaged by the act, and it was made payable in January, 1842.
When the first instalment fell due a fieri facias was issued upon the original judgment for the full amount but was stayed as to one half, and the plantation and slaves were again seized and finally adjudicated again to Zacharie, who procured a monition from the district court in pursuance of [80] the Act of 1834, calling on all persons to show cause why the sheriff's sale should not be homologated, as Winter filed his opposition upon the following grounds:
1st. That the judgment in the suit of Zacharie & Co. v. Winter was satisfied by a sale made by the sheriff, on or about the 6th of June, 1839, in virtue of an execution issued thereon, and that consequently there was no judgment then in force upon which the execution could legally issue in virtue of which this pretended sale was made.
2d. The execution was illegally issued for the sum of $14,927 67, whereas in truth the plaintiff was only entitled, if to any at all, to an execution for one half of said sum.
3d. That the sale was not legally advertised in the manner and at the place provided by law.
4th. The sale was not advertised for the length of time required by law.
5th. That a just and true appraisement of the property was not made according to law before the sale, and that by the illegal acts of the sheriff or his deputy, and the illegal practices of said Zacharie the same was falsely and fraudulently appraised at not more than half its just value.
0th. That the sale was not made at the seat of justice of the parish as the law required.
The district court sustained the opposition on the first, second, fifth and sixth grounds and annulled the sheriff’s sale, and the plaintiff appealed.
I. On the first ground it appears to us, that the contract before the notary amounted to a retrocession of the property to Winter. The parties admit the adjudication under a former writ of fieri facias and consequently that the property had vested in Zacharie the purchaser. The right thus acquired was renounced, and the property transferred to Winter for a new and distinct consideration, to wit, the sum of $2600, and the renewal of the former debt. Like every other contract it was liable to be questioned and its legal validity to be inquired into by the parties. Suppose that in the in- [81] terval between the first adjudication and the retrocession judgments against Zacharie had been recorded in the mortgage office of the parish in which the property is situated, it seems to us clear they would have attached to the property, and might have furnished good grounds against the execution of the contract, and consequently, the judgment which it purports to reverse might be subject to be modified by a court of ordinary jurisdiction. Again the whole contract must be taken together as an entire thing, and if an ordinary fieri facias could properly issue for a part without any further judicial action, it is not so obvious why it could not for the whole, including the *53 $2,600, for which no judgment has ever heen rendered. But it is contended, that Zacharie’s judgment was not satisfied by the sheriff’s sale which remained incomplete, the price not having been paid. The moment the parties admit that there was adjudication, they necessarily admit, that if the judgment creditor became the purchaser the price bid by him is offset against the judgment, and consequently amounts to an extinguishment of it pro tcmto, at least as to third persons. We are of opinion that a writ of fieri facias ought not to be issued without some notice to the appellee in the nature of a scire facias, and giving him an opportunity to contest the same.
II. The opinion already expressed upon the first ground of opposition renders it unnecessary to inquire whether the fieri facias issued for too much.
V. We are satisfied that this ground of opposition was properly sustained. It is evident that one of the appraisers being a subsequent mortgagee of the same property, and having made a private arrangement with Zacharie was not an impartial appraiser. But we do not concur with the district court in opinion that the allegation, that the appraisement was a fraudulent one, ought to be struck out. If the appraisement- was fraudulent, it was [82] as if none had been made, which would clearly be a sufficient ground of opposition.
VI. The last ground is well taken and. clearly sustained by the evidence. Articles 664 and 665 of the Code of Practice declares that sheriff’s sales shall he made at the seat of justice for the parish where the seizure is made, at the spot where it may have the greatest degree of publicity; but that in the country the sale may be made on the plantations which are to be sold if the debtor requires it, but in that case notice must be given of the fact in the advertisement of sale. In the present case the sale was made on the plantation not only without the consent, but contrary to the will of the debtor.
It is therefore adjudged and decreed, that the judgment of the district court be affirmed, with costs.