GABRIEL WINTER *v.* JAMES W. ZACHARIE.

Where a sheriff executes a deed to the purchaser of property sold at a judicial sale, stating therein that he had received the price, he will be responsible for any balance coming to the debtor, though he may not have received any part thereof; but if the debtor, with a full knowledge of the facts, enters into an agreement with the purchaser, by which the property is re-conveyed to him on conditions stipulated between themselves, it will be too late for him to complain.

APPEAL by the plaintiff from a judgment of the District Court of Ascension, *Deblieux*, J., dissolving an injunction obtained by him.

*M. Taylor*, for the appellant.

*Nicholls*, for the defendant.

GARLAND, J.    The defendant obtained an order of seizure and sale against a plantation and slaves, which the plaintiff had mortgaged to him to secure the payment of a note for $2600, due January 1st, 1842, with interest for some years previous.

The plaintiff obtained an injunction, without having given security, on an allegation of error in giving the note, and an apprehension that he would be dispossessed of his property by virtue of a sheriff's sale made a few days previously, at the suit of J. W. Zacharie, at which the defendant became the purchaser.

This sale, the plaintiff avers, was null, as the defendant never paid the price at which the property was bid off, although the sheriff passed an act of sale and stated therein that the price was

paid. Wherefore, the plaintiff avers that the note is null, having been obtained by fraud and violence, without consideration, and in error as to the law and facts.

The defendant filed, in reply to these allegations, a plea of *res judicata ;* and further alleged, that there was no ground for the opposition or injunction. He asked for a summary trial, and for damages on the dissolution of the injunction.

The facts are, that the defendant, in the spring of 1839, issued process on a mortgage and judgment he had obtained against the plaintiff, under which his plantation and slaves were seized and sold by the sheriff, and purchased by the defendant for two-thirds of the appraisement. One or more mortgages, besides that of the defendant, existed on the property, the amount of which he retained in his hands. After deducting their amount, and that of his own claim, a balance of upwards of $11,000 belonged to the plaintiff, who avers he demanded it of the sheriff, and, as it was not paid, warned him not to make a deed to the defendant. A day or two after the sale, the sheriff made a deed to the defendant, in which, the part of the price coming to the plaintiff is stated to have been received in cash. On the day that the note, now in controversy, was executed, the plaintiff and defendant agreed that the sale made by the sheriff should be annulled : the latter reconveyed to' the plaintiff the plantation and slaves, reinstated his mortgage executed in 1834 and the judgment on it ; and finally agreed to give a longer time for the payment of the money claimed, for and in consideration of which, the note for $2600, with interest, was executed.

There is no plea of usury in this case; and we are unable to find in the evidence any appearance of violence in obtaining the note; nor are the allegations of fraud or error sustained. If the allegation of the sheriff in his deed be true, that he had received the price, then the defendant was the owner of the plantation and slaves, and could make whatever disposition of them he pleased ; if not true, and the plaintiff states that he knew at the time it was not, then he acted with a full knowledge of the facts of the case, and not in error as he alleges. The sheriff, by making the deed to the defendant, gave a title to the property, as we said in the case in 17 La. 76, which is intimately connected with this ;

and if the plaintiff thought proper to obtain a retrocession of it by giving his note for $2600, with interest, we think it is now too late for him to complain. If he had chosen to abide by the sale, the sheriff was bound to him for the $11,600, although Zacharie may not have paid a cent of it.

*Judgment affirmed.*