(66 South. 759)

No. 20131.

MONROE v. JONES et al.

(Nov. 30, 1914.)

*(Syllabus by the Court.)*

EXECUTION ☞216, 275 — SALE—VALIDITY— PROPERTY SUBJECT.

A sheriff's sale of property under a fi. fa. at the first offering for less than two-thirds of its appraised value is a nullity. A sheriff's authority, under a writ of fieri facias, to seize and sell the property of the debtor, does not extend to his property in another parish.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 16, 148, 345, 601–606, 791–796; Dec. Dig. ☞216, 275.]

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosch, Judge.

Action by W. E. Monroe against J. W. Jones and others. From judgment for plaintiff, defendant Jones appeals. Affirmed.

Smith & McGregor, of Rayville, for appellant. Medlenka & Bruner, of Crowley, for appellee.

LAND, J. This is a suit, coupled with an injunction, to annul a certain alleged sheriff's sale of a traction engine and a lot of lumber. The action was brought against J. W. Jones, the adjudicatee, and the sheriff who made the sale.

Plaintiff alleged that the pretended sale was made without any previous seizure of the property, and that at the date thereof the traction engine was in another parish, and that neither said engine nor the lumber had ever been in the possession of the sheriff.

Plaintiff further alleged that said pretended sale purported to have been made under writ of fi. fa. issued in the suits of the Moten Hyle Implement Company and of the Patent Vulcanite Roofing Company against Wm. E. Monroe, the former in the district court, and the latter in the first ward justice court, but that no notice of seizure or sale was given to the plaintiff in the last-named suit.

Plaintiff further alleged that prior to said sale he settled both writs by check for $196.78 handed to the sheriff, and that said check was paid on June 19, 1911. In an amended petition, plaintiff alleged that the property was fraudulently undervalued to the knowledge of the defendant Jones, the purchaser, and that the lumber was adjudicated to him for less than two-thirds of the appraised value.

Defendants in their answer stood on the legality of said sheriff's sale, and the sheriff admitted the receipt of the check and that he deposited the same for collection, but averred that it never reached the Bank of Delhi in time to be cashed before said sale, and he was told by the officers of the bank that the check was no good, and would not be paid on the day of sale.

Upon these issues the cause was tried, and there was judgment for the plaintiff, annulling the sheriff's sale and decreeing the engine and lumber to be the property of the plaintiff, and against both defendants in solido for $200, the value of the lumber, with legal interest from judicial demand.

Defendant Jones has appealed, and the plaintiff has answered praying for an amendment of the judgment.

According to the sheriff's return the seizure was made on May 29, 1911.

The seizure, if any, was made, not by the

sheriff, but by one of his deputies, in the town of Delhi, 15 miles distant from the town of Rayville, the parish seat. On May 29, 1911, the traction engine was in the parish of Franklin on the farm of Dr. W. C. Holt, who testified that the engine was on his place for about two weeks after that date.

Monroe testified that the traction engine and lumber were never seized to his knowledge, and were never taken from his possession by the sheriff, and that his traction engine was on the farm of Dr. Holt in the parish of Franklin on May 29, 1911, and was not brought back into the parish of Richland until late in the fall of the same year. The sheriff in his testimony admitted that the traction engine was removed from the parish before the sale by him to Jones.

Monroe further testified that he left Delhi with his traction engine about 7 o'clock a. m. of Monday, May 29, 1911, for Dr. Holt's place in the parish of Franklin, and on his arrival there about noon went to plowing. He further deposed that no notice of seizure was served on him until May 31, 1911; that on June 16th of the same year he sent the sheriff a check sufficient in amount to satisfy the two writs, and on June 17th, the day of sale, he was in the parish of Franklin threshing oats with a machine run by his traction engine.

It appears that the sheriff deposited the check in a Rayville bank, which sent it to a Shreveport bank for collection, and that the check was not presented to the drawee bank in Delhi until June 19th, when it was paid.

The sheriff on the day of sale telephoned the Delhi bank about the check, and was informed that Monroe had not sufficient money to his credit to meet the check, and that it would not be paid if presented; that the attorneys for plaintiffs in execution insisted on the sale, and the sheriff having tried in vain to reach Monroe over the "phone" had the property appraised and sold in manner and form as hereinafter stated.

The evidence shows that there is a wide difference between a *portable* engine and a *traction* engine; that the latter sells for about twice the price of the former; and that plaintiff's traction engine when new was worth about $3,000, and on the day of the sale was worth about $2,000.

The sheriff further testified that the same property was seized under three prior writs against Monroe, who on May 31, 1911, gave him a check for $350, which did not fully satisfy said writs, and that he had positive instructions from the attorney for the seizing creditors not to release the seizure, but to sell 400 gallons of molasses, which had failed to bring two-thirds of the appraisement.

It appears from the sheriff's return on the three first writs that on May 27, 1911, the day of sale, W. E. Monroe paid him $350, and that the attorney for the seizing creditors instructed him to offer for sale only the molasses, which was sold on June 17, 1911, for $800, whereupon all the writs were returned as satisfied.

Monroe testified that when he paid the $350, it was agreed that the other property should be released. The attorney for the seizing creditors testified that he was not willing to state positively as to how it was arranged, but that in some way he got the impression that the 400 gallons of molasses would be sufficient to settle the amount of the writ and "we released everything probably but those 400 gallons of molasses."

The attorney's testimony, as far as it goes corroborates rather than contradicts the statements of Monroe that such was the understanding. It would have been very unreasonable to have kept under seizure the other property, worth several thousand dollars, to secure the payment of the petty balance due under the writs.

The fi. fas. in the two last suits were issued two days after payment of the $350 was made and the property withdrawn from sale.

The deputy sheriff made no actual seizure under these two last writs, but merely served notices of seizure on Monroe after his return from the parish of Franklin. The notices of seizure were issued on May 30, 1911, and were sent by mail to the deputy sheriff at Delhi. If there was any constructive seizure of the property it resulted from the service of said notices on May 30 or 31, 1911, after the traction engine had been moved to the parish of Franklin on May 29, 1911.

On the day of sale, two appraisers were appointed by the sheriff to value the property. They appraised the traction engine (then in the parish of Franklin) under the description of a "portable engine" at $200, and the lot of lumber (then in the town of Delhi) at $65. The sheriff adjudicated the engine to J. W. Jones for $135 and the lumber to the same person for $24.15, less than two-thirds of its appraised value. This sale of the lumber was a nullity. C. P. art. 680.

The sheriff estimated the engine to be worth $1,800 or $2,000, and its appraisement at $200 was so grossly inadequate as to operate a fraud on the rights of the defendant in execution. A fraudulent appraisement is no appraisement. Zacharie v. Winter, 17 La. 76.

The traction engine being in another parish, the sheriff of Richland had no authority to seize and sell it. See Dinkgrave v. Sloan, 13 La. Ann. 393. In that case the defendant himself had pointed out the property, but the court held that the sheriff's authority under a writ of fieri facias is restricted to the property of the debtor found in his own parish. So reads article 643 of the Code of Practice.

Of course, the engine was not delivered to the purchaser, who subsequently instituted a sequestration suit to recover the property. We may say in conclusion that the plaintiff by his check, which was paid on presentation, satisfied the writs held by the sheriff against him, and therefore derived no benefit from the money paid by the purchaser to the sheriff.

Plaintiff has prayed that the judgment below be amended by increasing the award for the value of the lumber and by allowing damages for attorney fees and other alleged losses.

Damages for attorney fees are not usually allowed to the plaintiff in injunction, and as to the other items we are not prepared to say that the judge a quo erred in his appreciation of the law and the evidence.

It is, therefore, ordered that the judgment below be affirmed, and that the appellant, Jones, pay costs of appeal.