227 So.2d 164 (1969)
FORD MOTOR CREDIT COMPANY, Plaintiff-Appellee,
v.
Ed SAMEC, Jr., Defendant and Third-Party Plaintiff-Appellant,
BILL HANNA FORD, INC., Third-Party Defendant-Appellee.
No. 11257.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1969.
Rehearing Denied October 20, 1969.
*165 Bodenheimer, Jones, Klotz & Simmons, Shreveport, for defendant and third-party plaintiff-appellant; Harry D. Simmons, Shreveport, of counsel.
Blanchard, Walker, O'Quin & Roberts, Shreveport, for plaintiff-appellee; Henry C. Walker, IV, Shreveport, of counsel.
Feist, Schober & Gray, Shreveport, for third-party defendant-appellee; James Fleet Howell, Shreveport, of counsel.
Before AYRES, DIXON and PRICE, JJ.
AYRES, Judge.
This is an action upon a promissory note for a deficiency judgment. The obligation sued upon represents the credit portion of the purchase price of a Ford automobile acquired by defendant from Bill Hanna Ford, Inc. Payment of the indebtedness was secured by a vendor's lien and chattel mortgage on the automobile.
Executory proceedings instituted by Ford Motor Credit Company, to whom the note had been negotiated, resulted in the car's sale to plaintiff. A balance allegedly due on the note after application of the proceeds of the sale constitutes the basis of this action.
A motion by plaintiff for a summary judgment was sustained and there was judgment accordingly against defendant for the sum of $2,765.00 together with a late charge of $3.95 for each month, not exceeding 35 in number, that payment of the indebtedness was in default, together with 25% of the whole of the indebtedness at the time of payment as attorneys' fees, less a credit of $819.62 realized from the sale of the car in the executory proceedings. From this judgment, defendant perfected a devolutive appeal to this court.
Defendant contended first, in an exception of no cause and of no right of action, and then in an answer, that, though the executory proceedings had been invoked with the benefit of appraisement, he had nevertheless been deprived of that benefit in the sale actually made.
The pertinent facts disclosed by the record are that, despite the fact the automobile was appraised at $1,315.00, plaintiff's bid, at which it acquired the automobile, was $876.00, a price less than two-thirds of the property's appraised value by the sum of 66 2/3%.
It appears appropriate to point out that in the course of the proceedings, defendant sought additional relief such as a rescission and annulment of the sale of the car to him by Bill Hanna Ford, Inc., for alleged redhibitory vices and defects. For this purpose, Bill Hanna Ford, Inc., and the car's manufacturer, Ford Motor Company, were impleaded as third-party defendants. Through the sustaining of a motion for a summary judgment urged by the former and an exception of no cause and of no right *166 of action urged by the latter, defendant's third-party demands were dismissed. No appeal was taken from these judgments which are now final. Hence the questions arising from defendant's demands for a rescission or annulment of the sale are not before us on this appeal. Moreover, the questions thereby raised involved factual matters with respect to which evidence was not adduced and, indeed, could not have been adduced on the trial of a motion for a summary judgment based upon the pleadings.
The sole, crucial question presented by this appeal is plaintiff's entitlement vel non to a deficiency judgment after sale by executory process of the mortgaged property for a price less than two-thirds of its appraised value.
The deficiency judgment statute, LSA-R.S. 13:4106 provides, so far as pertinent:
"If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. * * *"
See, also, LSA-C.C.P. Art. 2771.
This provision of the statute is declaratory of a public policy which cannot be waived by debtor. LSA-R.S. 13:4107.
A strict compliance with the letter of the law in executory proceedings is essential and prerequisite to a judgment for any deficiency in payment of a debt. Bourgeois v. Sazdoff, 209 So.2d 320, 323 (La.App., 4th Cir. 1968).
It is recognized that executory process, under which a creditor is permitted without citation or the lapse of the usual legal delays to seize the property of the debtor in satisfaction of a claim, is a harsh remedy. Though authorized and sanctioned by constitutional and statutory authority, there must be strict compliance with the provisions of law authorizing such a severe remedy. Myrtle Grove Packing Company v. Mones, 226 La. 287, 76 So.2d 305, 306 (1954).
No less reason for strict compliance with statutory requirements exists where recovery of a deficiency judgment is sought. The necessity for strict adherence to the requirements is further emphasized by the language quoted above from the statute itself. The principle has been so well established in the jurisprudence that circumvention through any means or method whatever or noncompliance with the provisions of the statute is an absolute bar to a deficiency judgment as to obviate the necessity for citation of specific cases.
Compliance with the requirements of a sale with the benefit of appraisement necessitates that the sale of the property be made for not less than two-thirds of its appraised value. LSA-C.C.P. Art. 2336. The sale price of the property with which we are now concerned was less than two-thirds of the property's appraised value. The error is attributable to neither the defendant nor the sheriff. The adjudication was made to plaintiff upon its bid.
The deficiency judgment statute, LSA-R.S. 13:4106, declaratory of a public policy, LSA-R.S. 13:4107, requires strict compliance and admits of no departure from its provisions. Hence the legal maxim de minimis non curat lex has no application. To give the maxim effect would result in a nonadherence to public policy created by statute. A slight departure from the statutory requirements would be a precedent for other and greater departures in the future. Successive and progressive departures would eventually erode and render meaningless the provisions of the statute declarative of the public policy of this State.
Although an appraisal of the property is made, a debtor is not accorded the benefit *167 of an appraisement of his property when proceeded against by his creditor if there is no compliance with the appraisement at the sale. Defendant was not accorded the benefit of the appraisement of his property in the executory proceedings instituted by plaintiff and to whom the property was adjudicated for a price less than two-thirds of its appraised value.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed that defendant's exception of no cause and of no right of action be, and the same is hereby, sustained; and plaintiff's suit is accordingly dismissed at its costs.
Reversed and rendered.
DIXON, Judge (concurring).
While joining the majority in its principal conclusion, I must respectfully disagree with the reasons for setting aside the deficiency judgment.
The two statutes limiting a creditor's right to a deficiency judgment in Louisiana are R.S. 13:4106 and Code of Civil Procedure Article 2771. R.S. 13:4106 provides, in so many words, that if a mortgagee takes advantage of a waiver of appraisement in the mortgage, the debt is satisfied by the sale of the property mortgaged to secure it. Code of Civil Procedure Article 2771 provides:
"The creditor may obtain a judgment against the debtor for any deficiency due on the debt after the distribution of the proceeds of the judicial sale only if the property has been sold under the executory proceeding after appraisal in accordance with the provisions of Article 2723."
This was not a sale without benefit of appraisal, but a sale for less than the two-thirds of the appraised value. No one contends that the car was not properly appraised. The defendant was one of the appraisers. The sanction against a sale for less than two-thirds of the appraised value is not forfeiture of the right to a deficiency judgment. Code of Civil Procedure Article 2336 provides:
"The property shall not be sold if the price bid by the highest bidder is less than two-thirds of the appraised value. In that event, the sheriff shall readvertise the sale of the property in the same manner as for an original sale, and the same delay must elapse. At the second offering, the property shall be sold for cash for whatever it will bring, except as provided in Article 2337."
In my opinion, a sale for less than two-thirds of the appraised value, carried on under an order obtained at the plaintiff's request for a sale with benefit of appraisal, should be subject to annulment.[1]
The majority denies the plaintiff a right to a deficiency judgment because the sale was for 66 2/3% less than two-thirds of the appraised value, when the Code of Civil Procedure provides that if the bids are less than two-thirds of the appraised value, the property shall be re-advertised and sold at a second offering "for cash for whatever it will bring * * *." (C.C.P. 2336).
There is another reason, however, why the plaintiff should not be allowed to obtain a deficiency judgment in this case.
The mortgage instrument relied on in this case to support the judgment obtained via executiva is an act under private signature, duly acknowledged on one side of a printed sheet of paper, with numerous provisions printed on the reverse side of the sheet. On the front of the instrument are the words, "Buyer * * * hereby purchases *168 * * * upon the terms and conditions set forth on the face and reverse sides hereof, the following property * * *." In addition, there is the following sentence on the face of the document: "The Details of Transaction set forth opposite and the Additional Terms and Conditions set forth on the reverse side hereof are a part of this contract and are incorporated herein by reference."
There are words on the face of the instrument which import a mortgage. There is nothing on the face of the instrument or above the signature of the debtor which can be construed as a confession of judgment. The clause importing a confession of judgment is included in those numerous provisions on the reverse side of the mortgage, not signed.
In former times it would not have been possible to obtain executory process with such an instrument. Executory process could issue only upon authentic evidence of the debt and the mortgage (Wood v. Wood, 32 La.Ann. 801). The Code of Practice of 1870 in Article 733, as amended, provided:
"An act is said to import a confession of judgment in matters of privilege and mortgage, when it is passed before a notary public, or other officer fulfilling the same functions, in the presence of two witnesses, and the obligor declares and acknowledges therein the obligation * * *."
Article 732 of the Code of Practice of 1870 provided that:
"Executory process can only be resorted to in the following cases:
"1. When the creditor's right arises from an act importing a confession of judgment, and which contains a privilege or mortgage in his favor.
"2. When the creditor demands * *."
From these provisions it would seem clear that no one could expect to incorporate a confession of judgment in a mortgage by reference to any other source. The act importing a confession of judgment must have been "passed before a notary public."
Subsequent legislation has liberalized the formalities surrounding chattel mortgages of automobiles. The present Code of Civil Procedure provides in Articles 2631 and 2632:
"Art. 2631. Use of executory proceedings
"Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment, and in other cases allowed by law."
"Art. 2632. Act importing a confession of judgment
"An act evidencing a mortgage or privilege imports a confession of judgment when the obligor therein acknowledges the obligation secured thereby, whether then existing or to arise thereafter, and confesses judgment thereon if the obligation is not paid at maturity."
After some legislative confusion, the Vehicle Certificate of Title Act (R.S. 32:710, subd. K.) was amended to provide:
"All laws and rules and all remedies and processes, including executory process under confessions of judgment as well as proceedings via ordinaria, now or hereafter made available to creditors for the protection or enforcement of their rights under mortgages affecting immovables are available to creditors of obligations secured by mortgages affecting vehicles, whether evidenced by authentic acts or by acts under private signature duly acknowledged."
There was nothing in the intervening legislation which indicated that there was an intention to relax the formalities required for executory process except to liberalize *169 the provisions requiring that such a mortgage be evidenced by an authentic act.
If the mortgage instrument contains an acknowledgment of the debt and a confession of judgment, and is evidenced by an authentic act or by an act under private signature duly acknowledged, then the holder is entitled to enforce his mortgage via executiva. There is no indication in the statutes that creditors can now do what they could not formerly do, and look beyond the instrument to another place or another instrument for the provisions giving rise to the right to exercise executory proceedings.
Consequently, since the plaintiff was not entitled to executory process, I believe its demand should have been rejected.[2] There would then be no reason why defendant Samec could not pursue his redhibitory action.
NOTES
[1] See Monroe v. Jones, 136 La. 143, 66 So. 759 (1914), where it was said, under authority of Article 680 of the Code of Practice of 1870, that "a sheriff's sale of property under a fi. fa. at the first offering for less than two-thirds of its appraised value is a nullity."
[2] See League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968) where a suit for deficiency judgment was dismissed, after sale of the property under executory process, because the mortgage sued on was "not in authentic form."