453 So.2d 329 (1984)
GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff-Appellant,
v.
Lourey J. TULLIER, III, Defendant-Appellee.
No. 83-807.
Court of Appeal of Louisiana, Third Circuit.
July 25, 1984.
*330 Marcus A. Broussard, Jr., Abbeville, for plaintiff-appellant.
Toxie L. Bush, Jr., Abbeville, for defendant-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
STOKER, Judge.
Plaintiff, General Motors Acceptance Corporation (GMAC), appeals from the dismissal of its suit for a deficiency judgment against Lourey Tullier. We reverse the judgment of the trial court dismissing the suit for a deficiency judgment and render judgment in favor of GMAC as prayed for.
On August 18, 1981 GMAC filed a petition for executory process based on a promissory note dated July 1, 1981 secured by a chattel mortgage on a 1978 Ford truck owned by Tullier. The truck was appraised for $2,800 and was sold at sheriff's sale on September 30, 1981 to GMAC for $1,667, according to the original process verbal signed by the deputy conducting the sale, Joseph Suire.
On October 14, 1981 GMAC filed a petition for a deficiency judgment against Tullier seeking the outstanding balance of $6,173.42. A document dated November 2, 1981 and filed in the record on that same day titled "Act of Correction" declares that the price of $1,667 given in the original process verbal was incorrect and that the correct amount is $1,867, an amount which is two-thirds of the appraised value of $2,800. Accordingly, GMAC amended its claim for a deficiency judgment to pray for $5,973.42. In his answer to the petition for a deficiency judgment, Tullier claims that GMAC is not entitled to such a judgment on either of two grounds: (1) that GMAC accepted a voluntary surrender of the truck through its agent, Ray Chevrolet, and (2) that the sale was not conducted according to proper procedure in that the truck was sold for less than two-thirds of its appraised value. In the alternative, Tullier sought to have the seizure and sale declared null and asked damages for wrongful seizure and sale.
Initially, the trial court declared the sheriff's sale null and denied GMAC's request for a deficiency judgment. Upon GMAC's motion for a new trial, the trial court recalled its judgment rendering the sheriff's sale null, but still denied GMAC's request for a deficiency judgment. The only reasons for this judgment in the record are given in a minute entry and read as follows:
"The Court finds that the creditor's failure to strictly comply with the laws of executory process, by selling the property for less than two-thirds (2/3) of the appraised value, does not invalidate the sheriff's sale.
"However, because of the plaintiff's failure to comply with the laws of executory process, his request for a deficiency judgment is hereby denied."
In his brief on appeal, Tullier states that he "has chosen not to argue with or appeal" the trial court's decision that the sheriff's sale was valid, even though he believes that the first decision declaring the sale a nullity was correct. Tullier urges only that the judgment denying GMAC's request for a deficiency judgment be affirmed. We note that no judgment was rendered on Tullier's alternative demand for damages for wrongful seizure and sale, and that issue has not been raised before us in this appeal. We must consider only what effect the alleged mistake in price and purported voluntary surrender may have on GMAC's petition for deficiency judgment.

*331 MISTAKE IN PRICE
As previously stated, the original proces verbal prepared by Deputy Suire indicated that the truck was sold for $1,667. The act of correction prepared by the deputy states that the proper amount is $1,867. Both Donald Soileau, GMAC's representative at the sheriff's sale, and Deputy Suire testified at the trial on the deficiency judgment that the bid was made for two-thirds of the appraised value, not a specific dollar amount. Deputy Suire testified that the error was strictly his in calculating two-thirds of the amount.
If in fact the property was sold at the first offering for less than two-thirds of its appraised value, the sale could be declared null as having been made in violation of LSA-C.C.P. article 2336. Monroe v. Jones, 136 La. 143, 66 So. 759 (1914). Even though the sheriff's sale is not challenged in this appeal, such a defect would operate to defeat GMAC's petition for a deficiency judgment. See Ford Motor Credit Company v. Samec, 227 So.2d 164 (La.App. 2d Cir.1969). It is well established that a deficiency judgment is prohibited where there is any fundamental defect in the executory proceedings. Ford Motor Credit Company v. Soileau, 323 So.2d 221 (La.App. 3rd Cir.1975).
We find that the bid for the truck was in fact for two-thirds of its appraised value as sworn to by the deputy in his act of correction and as testified to by him at trial. The deputy's mathematical error should not operate to deny relief to GMAC in this matter. We find that this is an error subject to correction, not a fundamental defect sufficient to defeat the petition for a deficiency judgment. See Colonial Bank v. Baptiste, 370 So.2d 681 (La.App. 4th Cir.1979).

VOLUNTARY SURRENDER
Tullier urges in his brief on appeal that if we should find that the sale was properly made for two-thirds of the appraised value, then the case should be remanded to the trial court for a determination as to whether or not the truck was voluntarily surrendered to Ray Chevrolet so as to preclude GMAC from obtaining a deficiency judgment. We do not find such a remand necessary, as we have all the facts before us regarding the alleged voluntary surrender. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975). A return of property on which a mortgage has been given to secure payment of a note has been found to be sufficient to estop enforcement of the balance due on the note. International Harvester Credit Corporation v. American Troubleshooters, Inc., 338 So.2d 708 (La.App. 4th Cir.1976). This argument of estoppel is an affirmative defense which should have been specifically pleaded in defense of the executory proceedings. We do not think that the defense is properly raised at this point in an attempt to defeat a deficiency judgment. We believe that defects which may be urged to defeat a deficiency judgment must be of such a nature as to be apparent on the record and do not include substantive defenses the debtor failed to urge in the executory proceedings. However, at least one court of appeal appears to have held differently. In Plumbing Supply House v. Century National Bank, 440 So.2d 173 (La.App. 4th Cir.1983), writ denied, 444 So.2d 1226 (La.1984), the Court held that any procedural or substantive defense which could have been urged by a debtor in the original proceeding may be used as a defense to a suit for a deficiency judgment. In support of that proposition the Court of Appeal cited the Supreme Court opinion of League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968). We do not agree that the holding in the Montgomery case is so broad as to include defenses such as that urged by Mr. Tullier in this case; however, because we have all of the facts before us, we will consider the issue.
Tullier purchased the truck from Ray Chevrolet on July 1, 1981. He took the truck back to Ray Chevrolet on July 16 saying that he would be unable to pay for the truck. At that time he was asked to *332 return the next day so that some type of agreement involving a voluntary surrender could be worked out. By his own admission, Tullier did not return the next day and apparently made no further effort to reach an agreement regarding the truck. Because Mr. Tullier failed to return, the matter was turned over to GMAC's attorney for enforcement on the note. Assuming for the purposes of argument that Ray Chevrolet acted as an agent for GMAC, we do not find that the facts of this case establish that a voluntary surrender was made and accepted by the creditor in such a manner as to estop enforcement of the note. In International Harvester Credit Corporation v. American Troubleshooters, Inc., supra, the Court found that the mortgaged property was surrendered by the debtor in the good faith belief that he was securing a release. He was not informed until over fifty days after the surrender that no release had been given. It is particularly significant that in the International Harvester case, the creditor asked for the return of the property. We find the facts of this case similar to those in Fruehauf Trailer Division, Fruehauf Corporation v. Toups, 243 So.2d 88 (La. App. 1st Cir.1970). In Fruehauf the debtor, on his own initiative, returned mortgaged property to the creditor. A representative of Fruehauf agreed to discuss with his superiors the possibility of reaching an agreement in which the debtor could be relieved of all further liability. No such agreement was ever reached. The Court in Fruehauf stated:
"Appellant's apparent contention that a debtor may discharge an obligation by unilaterally surrendering mortgaged property to the vendor merits no discussion other than that it is utterly without foundation in law."
In the case before us Tullier's return of the truck to Ray Chevrolet without further discussion or agreement did not operate to discharge his obligation under the note. Thus, GMAC is entitled to its deficiency judgment as prayed for.

DECREE
Accordingly, it is hereby ordered, adjudged and decreed that there be judgment in favor of General Motors Acceptance Corporation and against Lourey J. Tullier, III in the amount of $5,973.42, together with an additional twenty-five percent as attorney's fees and legal interest thereon from date of judicial demand until paid. Costs at trial and on appeal are assessed to appellee.
REVERSED AND RENDERED.