STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CHASE HOME FINANCE, LLC,
SUCCESSOR BY MERGER TO
CHASE MANHATTAN MORTGAGE CORPORATION
A/K/A JPMORGAN CHASE BANK, N.A.

VERSUS

JACOB FOX, ET AL.

\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 11-C-2061, DIVISION "A"
HONORABLE JAMES P. DOHERTY, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*

Court composed of J. David Painter, James T. Genovese, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

Matthew D. Henrich
Katharine Dugal Henrich
Henrich & Henrich APLC
113 S. Budd Street
Sunset, Louisiana 70584
(337) 662-5245
COUNSEL FOR APPELLANT:
    Matthew D. Henrich

**Daniel A. Reed**
**Seale, Smith, Zuber & Barnette**
**8550 United Plaza Boulevard, Suite 200**
**Baton Rouge, Louisiana 70809**
**(225) 924-1600**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **JPMorgan Chase Bank, N.A.,**
    **Successor by Merger to Chase Home Finance, LLC**

**Chad P. Pitre**
**111 North Court Street**
**Opelousas, Louisiana 70570**
**(337) 942-8587**
**COUNSEL FOR APPELLEE:**
    **St. Landry Parish Sheriff, Bobby Guidroz**

**GENOVESE, Judge.**

Matthew D. Henrich, a third party purchaser of immovable property at sheriff's sale, appeals the trial court's grant of a Motion to Annul Sheriff's Sale filed on behalf of JPMorgan Chase Bank, N.A., Successor by Merger to Chase Home Finance, LLC (Chase), the seizing creditor. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On April 28, 2011, Chase filed a Petition for Executory Process against Jacob Fox for the seizure of immovable property located in St. Landry Parish owned and mortgaged by Mr. Fox[1] to satisfy his indebtedness on a mortgage note he executed with Chase. The petition asserted that there was a $77,597.49 outstanding balance on the note, plus interest of 6.00% per annum from August 1, 2009, until paid. Chase also sought attorney fees and all costs incurred in connection with the proceedings. The trial court ordered the seizure and sale of the property as requested by Chase.

The sale of the property by the St. Landry Parish Sheriff (Sheriff) was scheduled, cancelled, and eventually reset for January 22, 2014. Chase was not present at the sale.[2] When the opening bid for the property was announced, it was erroneously stated to be two-thirds of the appraised value.[3] The net appraisal value

---

[1]Chase's petition also names Lacey Gautreaux, a "Third Party Non-Defendant in this matter reflected by the signing of the mortgage wherein she acknowledged and agreed to the indebtedness and the conditions contained in the mortgage and as a co-owner of the property [Chase requests] that she be served with a copy of these proceedings, and the Sheriff seize and sell all of his/her interest in the property."

[2]Chase asserts it failed to get proper notice of the sale date.

[3]Although Mr. Henrich challenges their veracity, the Deputy Supervisor of the Civil Division for the Sheriff and his Civil Deputy Clerk testified that they mistakenly believed that Mr. Henrich, who is an attorney, was representing Chase at the sale. When Mr. Henrich returned to pay for the property and to have title issued to him, the error was discovered.

was $44,500.00; accordingly, the minimum bid was announced to be two-thirds of that amount, or $29,667.00. Mr. Henrich paid the purchase price of $29,667.00.

Following the sale, Chase notified the Sheriff's office that it disputed the sale and that the Sheriff should not issue the deed to the property to Mr. Henrich. Chase advised that the writ amount exceeded $100,000.00; thus, Mr. Henrich's bid of $29,667.00 was insufficient to purchase the property.

Upon learning that Chase disputed the validity of the sale, Mr. Henrich filed a Writ of Mandamus and Rule to Show Cause requesting that the trial court order the Sheriff to file a proces verbal and bill of sale issuing title of the property to him.[4] In response, Chase filed a Motion to Annul Sheriff's Sale. Following a hearing, the trial court denied Mr. Henrich's Writ of Mandamus and granted Chase's Motion to Annul Sheriff's Sale.[5] From said judgment, Mr. Henrich appeals.

## ASSIGNMENTS OF ERROR

Mr. Henrich presents the following assignments of error for our review:

1. The trial court failed to rule ownership passed to the third party purchaser at the time the sale was perfected.

2. In rendering final judgment in favor of Chase Bank, the trial court erred by ruling the sale to the innocent third party purchaser was invalid.

3. The trial court erred by allowing Chase Bank's redress for the violation of La.[Code Civ.P. art. 2338](B) to be against an innocent third party purchaser.

## LAW AND DISCUSSION

In addressing the assignments of error raised in this appeal, we note that the facts are not in dispute. In such instances, this court has stated:

---

[4]Mr. Henrich also filed a Peremptory Exception of No Cause of Action and No Right of Action.

[5]The trial court also denied Mr. Henrich's Exception of No Cause of Action and No Right of Action. The trial court's rulings on those exceptions are not before this court on appeal.

2

> However, "[i]n a case where there are no contested issues of fact[ ] and the only issue is the application of the law to the undisputed facts, . . . the proper standard of review is whether or not there has been legal error." *Tyson v. King*, 09-963, p. 2 (La.App. 3 Cir. 2/3/10), 29 So.3d 719, 720 (quoting *Bailey v. City of Lafayette*, 05-29, p. 2 (La.App. 3 Cir. 6/1/05), 904 So.2d 922, 923, *writs denied*, 05-1689, 05-1690, 05-1691, and 05-1692 (La.1/9/06), 918 So.2d 1054, 1055, and the cases cited therein).

*Daigle v. Merrill Lynch*, 12-1016, p. 3 (La.App. 3 Cir. 2/6/13), 107 So.3d 901, 903.

Therefore, the standard of review which we are to apply in this case is whether the trial court's ruling constituted legal error.

On appeal, Mr. Henrich first assigns as error the trial court's failure to rule that ownership of the subject property passed to him, a third party purchaser, at the time the sale was perfected. In support thereof, Mr. Henrich cites La.R.S. 9:3158 which provides that an "adjudication is the completion of the sale; the purchaser becomes the owner of the article adjudged, and the contract is, from that time, subjected to the same rules which govern the ordinary contract of sale." Additionally, he refers this court to La.Code Civ.P. art. 2342 which states that "[w]ithin fifteen days after the adjudication, the sheriff shall pass an act of sale to the purchaser, in the manner and form provided by law. The act of sale adds nothing to the force and effect of the adjudication, but is only intended to afford proof of it."

Based upon the foregoing provisions, Mr. Henrich contends that he acquired ownership of the property upon his paying the bid price which "consummated" the sale. Therefore, he concludes that "[g]iven the jurisprudence and public policy protecting innocent third party purchaser[s], the trial court erred in granting [Chase's] Motion to Annul Sheriff's Sale."

This assignment of error presupposes that the "sale was perfected." However, in its ruling, the trial court expressly found that the sale was invalid.

Thus, the trial court's error, *vel non*, necessarily emanates from its determination, as stated in Mr. Henrich's second assignment of error, that the trial court erred in ruling that the sale was invalid. Axiomatically, if the sale was invalid, there was no sale to be perfected, and ownership could not have passed.

Undisputedly, Chase was not present at the sale of the subject property. Therefore, the minimum purchase price for the property was governed by La.Code Civ.P. art. 2338 (emphasis added) which provides:

> A. If the security interest, mortgage, lien, or privilege of the seizing creditor is superior to other security interests, mortgages, liens, and privileges on the property, he may require that the property be sold, even though the price is not sufficient to satisfy his or the inferior security interests, mortgages, liens, and privileges.
>
> B. If the seizing creditor is not present or represented at the sale, the property **shall not be sold for less than the amount necessary to fully satisfy his writ plus the costs**.

In considering Chase's Motion to Annul the Sheriff's Sale, the trial court reasoned:

> When the language is clear and unambiguous, the [c]ourt is to follow the language[,] and it is my opinion that the language of 2338(B) of the Code of Civil Procedure is very clear that [the property] is not to be sold [for] less than the amount to fully satisfy the writ plus costs.

Based upon the evidence, the trial court ruled as follows:

> The [c]ourt finds in this case from the evidence that was adduced and the testimony of the witnesses that's what happened. Chase had no one present at the sale. The amount of the bid did not satisfy the amount of the writ; therefore, the sale is invalid. It's a null sale. It's just invalid. With an invalid sale, it didn't give [Mr. Henrich] any rights.

For these reasons, the trial court annulled the sale and ordered the Sheriff to return any money paid by Mr. Henrich, and it denied his request for mandamus.

Mr. Henrich acknowledges in brief that "[t]here are no cases directly addressing the validity of a sale made in violation of La.[Code Civ.P. art.] 2338(B)[.]" Recognizing that in *General Motors Acceptance Corp. v. Tullier*,

4

453 So.2d 329, 331 (La.App. 3 Cir. 1984), the creditor appealed a trial court's dismissal of a suit for a deficiency judgment, we note that this court has opined: "If in fact the property was sold at the first offering for less than two-thirds of its appraised value, the sale could be declared null as having been made in violation of [La.Code Civ.P. art.] 2336. *Monroe v. Jones*, 136 La. 143, 66 So. 759 (1914)."

Mr. Henrich emphasizes that "[t]he rights of ownership of a third party purchaser are held sacrosanct by Louisiana courts" and that "the ownership rights of third party purchaser[s] must be protected." As between a seizing creditor and a third party purchaser, he concludes that "the ownership rights of a third party purchaser must be protected." However, there is no legal authority to support his contention that his status as a third party purchaser negates the requirement that when the seizing creditor is not present, property being sold at sheriff's sale cannot be sold for less than the amount required to satisfy the writ plus costs.

Mr. Henrich cites *Reed v. Meaux*, 292 So.2d 557 (La.1973), in an effort to demonstrate the protection of rights of a third party purchaser relative to executory proceedings. With respect to Mr. Henrich's reliance on *Reed*, we note that subsequent to that supreme court decision, La.R.S. 13:4112 was enacted. As noted by Chase, the provisions of La.R.S. 13:4112 address Mr. Henrich's concern for the protection of third party purchasers. Louisiana Revised Statutes 13:4112 (emphasis added) provides:

**Actions to set aside or annul judicial sales in executory proceedings**

No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, **where the sheriff executing the foreclosure has either filed the proces verbal of the sale or filed the sale for recordation in the conveyance records of the parish**. Any party seeking to annul or set aside a judicial sale of immovable property through executory proceedings filed for record before the adoption of this Section must

5

do so within six months of September 12, 1975. Nothing herein shall be construed to affect legal defenses otherwise available to any person against whom a deficiency judgment is sought after the public sale of immovable property through executory proceedings.

This court discussed *Reed* and La.R.S. 13:4112 in *Guillory v. Fontenot*, 413 So.2d 328, 331 (La.App. 3 Cir. 1982) (second emphasis added), stating as follows:

> In *Reed*, supra, the suit was filed after the proces verbal and sale had been recorded. In the case at hand, the suit for injunctive relief was filed after the property was adjudicated to Fontenot by virtue of the executory proceedings, *but before the sheriff had filed the proces verbal of the sale or had filed the sale to Fontenot in the conveyance records*. Such a procedure is clearly authorized by R.S. 13:4112.
>
> This statute prohibits an attack upon the validity of a judicial sale by executory process after the recordation of the proces verbal of the sale or the recordation of the sale by the sheriff. **The statute does not limit the attack to those instances where the property is adjudicated to the foreclosing creditor. It follows, therefore, that an attack on the validity of the sale by executory process can be made under the statute even though the adjudication was not made to a foreclosing creditor, provided that such attack is made prior to the recordation of the proces verbal or the recordation of the sale.** This suit, having been filed before the recordation of the proces verbal or the recordation of the sale to Fontenot, is authorized by LSA-R.S. 13:4112.
>
> There being no dispute that substantive defects existed in the executory process, the trial court properly rendered judgment granting the permanent injunction.

Based upon the foregoing, we agree with Chase that by virtue of La.R.S. 13:4112, a third party purchasers' "rights *are* protected, but the law defines the 'consumation' of the sale as the issuance of the proces verbal or the deed, *not* the tendering of the bid price" as argued by Mr. Henrich. In this case, ownership of the property did not pass to Mr. Henrich as the sale was never perfected. Additionally, pursuant to La.R.S. 13:4112, an action to annul a judicial sale may be instituted if it is timely done prior to the sheriff's filing of "the proces verbal of the sale or fil[ing] the sale for recordation in the conveyance records of the parish[,]"

which had not yet been done in this case. The statute does not limit or prohibit such an action when the property has been sold to a third party purchaser.

In this case, the evidence established that Chase was not present at the sale, thereby implicating the mandatory provisions of La.Code Civ.P. art. 2338. The amount bid by Mr. Henrich was insufficient to satisfy the writ amount plus costs as required. Therefore, we find no error in the trial court's ruling that the sale to Mr. Henrich was invalid because the sale was in violation of the provisions of La.Code Civ.P. art. 2338.

Finally, in his third assignment of error, Mr. Henrich asserts that Chase's redress should not be against him. Instead, he argues that "[d]isputes relating to the sheriff making procedural defects should be settled between Chase Bank and the St. Landry Parish Sheriff's Department, not with the innocent third party purchaser." Although Mr. Henrich may not agree with the result, the remedy expressly provided for in La.R.S. 13:4112 is that the sale be annulled. Thus, we find no merit to this contention.

## **DECREE**

For the reasons assigned, the judgment of the trial court granting the Motion to Annul Sheriff's Sale on behalf of JPMorgan Chase Bank, N.A., Successor by Merger to Chase Home Finance, LLC, and denying Matthew D. Henrich's request for a Writ of Mandamus is affirmed. Costs of this appeal are assessed to Matthew D. Henrich.

**AFFIRMED.**