DECUIR, Judge.
| jThis is the second appeal in this community property partition proceeding to this court. In the first appeal, this court issued an unpublished opinion wherein we addressed Glass v. Glass, 07-124 (La.App. 3 Cir. 5/30/07), 960 So.2d 378, writ denied 07-1797 (La.11/21/07), 967 So.2d 1156.
FACTS
Michael and Patricia Glass were divorced on February 9, 2004. A fairly complex partition proceeding followed and the trial court entered a single money judgment representing net reimbursement owed and a cash equalizing sum together with legal interest. That judgment ultimately ended up before this court. This court amended the trial court judgment to adjust the amount of reimbursement due the respective parties and otherwise affirmed the trial court. The net effect of that amendment was to award an additional $50,148.65 to Patricia. Our judgment was silent with regard to judicial interest. Patricia did not seek a rehearing nor did she raise the issue of judicial interest in her writ application to the supreme court. In December 2007, Patricia filed a rule to show cause in the trial court, wherein she sought to receive judicial interest on the amount of the court of appeal judgment and to require an accounting of all rental income received by Michael from July 12, 2006 through September 30, 2006. Michael filed an exception of no subject matter jurisdiction, alleging the trial court was without authority to amend the court of appeal judgment. The trial court denied Michael’s exception and ordered the requested accounting which Michael filed, and judgment was entered on August 28, 2008, finding that the net rental income from July 12, 20.06, through September 30, 2006, was $3,856.04, based on the accounting filed by Michael, and amending the Lcourt of appeal judgment to award Patricia judicial interest on the increased reimbursement. Both parties appeal.
AMENDMENT TO COURT OF APPEAL JUDGMENT
Michael argues that the trial court had no authority to amend the judgment of the court of appeal. We agree.
In Wheat Inc. v. Caruthers, 439 So.2d 1065, 1066 (La.1983), the supreme court said:
Within thirty days of the mailing of notice of rendition of judgment by the court of appeal, a party may either apply to the court of appeal for a rehearing or apply to the supreme court for certiora-ri. If no timely application is filed in either court, the judgment of the court of appeal becomes final and definitive, and acquires the authority of the thing adjudged. C.C.P. 2166. Once the judgment of the court of appeal acquired the authority of the thing adjudged, the court of appeal lost the power and authority to reverse or modify that judgment. (Footnote omitted)
Louisiana Code of Civil Procedure article 2088 provides, in pertinent part:
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal.
*120 Accordingly, when Patricia filed her rule to show cause in December 2007, neither this court nor the trial court had the authority to amend the court of appeal judgment. Moreover, even if the court had jurisdiction to amend the judgment, it could not have done so to award judicial interest. In Sanders v. American Fidelity Fire Ins. Co., 98-308 (La.App. 3 Cir. 9/23/98), 750 So.2d 210, 213, this court said:
The following situations have been held by various courts to be impermissible modifications of the substance of a judgment: ordering a husband to pay $300.00 monthly rental on a community home, Sellers v. Sellers, 95-196 (La.App. 3 Cir. 5/31/95); 660 So.2d 499, writ denied, 95-2687 (La.12/15/95); 664 So.2d 445; granting legal interest and correcting award to children of $79.00 per month, Hunt Plywood, Inc. v. Estate of Davis, 26,161 (La.App. 2 Cir. 10/26/94); 645 So.2d 248, writ denied, 94-2871 (La.1/27/95); 649 So.2d 388; amending an original judgment to grant an exception of a party, Smith v. Succession of Trattler, 96-225 (La.App. 5 Cir. 9/18/96); 681 So.2d 961; adding an award for medical expenses in the amount of $19,342.92, expenses for continuing medical treatment and mileage reimbursement expenses, Starnes v. Asplundh Tree Expert Co., 94-1647 (La.App. 1 Cir. 10/6/95); 670 So.2d 1242; adding another partner and partnership to a judgment, Pitard v. Schmittzehe, 28,571 (La.App. 2 Cir. 8/21/96); 679 So.2d 515; and amending a judgment adding judicial interest, Stevenson v. State Farm, 624 So.2d 28 (La.App. 2 Cir.1993). It is obvious that, without the consent of the parties, a judgment cannot be amended to take away or add something affecting substantive rights. La.Code Civ.P. art. 1951. Sellers, 660 So.2d 499; Starnes, 670 So.2d 1242.
The modification of the judgment in the case sub judice adds legal interest for ten years, a substantial sum. There was no agreement of the parties to do so. It is a substantive amendment to the judgment in this case. In Sellers, this court said: “[a] substantive amendment to a judgment is an absolute nullity. LaBove v. Theriot, 597 So.2d 1007 (La.1992); Coomes v. Allstate Ins. Co., 517 So.2d 436 (La.App. 1 Cir.1987); Almerico v. Katsanis, 458 So.2d 158 (La.App. 5 Cir.1984); Templet v. Johns, 417 So.2d 433 (La.App. 1 Cir.), writ denied, 420 So.2d 981 (La.1982).” Id. at 504-5.
In this case, the trial court amended a judgment of this court to add judicial interest. Louisiana Code of Civil Procedure Article 1951 provides no authority for the trial court to amend its own judgment to award judicial interest let alone to amend a judgment of this court.
We are cognizant of the fact that this court awarded interest in a similar circumstance in Preis v. Preis, 95-352 (La.App. 3 Cir. 12/6/95), 664 So.2d 860, writ denied, 95-3096 (La.2/28/96), 668 So.2d 368. As pointed out in Judge Peters’ dissent, the majority in that case in resolving the question of the claimants’ entitlement to legal interest overlooked the court’s lack of authority to modify a final judgment. Therefore, by overlooking the issue the court did not specifically hold that it had'the authority to modify a final judgment. Instead, that holding is inferred from the court’s action. It is, however, an improper inference. The court in Preis simply ^exceeded its authority. As noted above, the legislature and the supreme court have clearly resolved this issue; neither we nor the trial court have the authority to make substantive modifications to a final judgment. To the extent that Preis suggests the contrary, it is incorrect. Accordingly, the judgment of the trial court denying the exception of lack of subject matter juris *121 diction and amending the court of appeal judgment to provide for judicial interest is reversed.
POST HEARING RENTAL INCOME
Patricia contends the trial court erred in refusing to award rental income for the period from trial to judgment. We disagree.
In the previous appeal to this court, Patricia raised this issue, but we declined to discuss this issue believing it had not been raised in the trial court. However, in its written reasons for judgment supporting the judgment currently being appealed, the trial court indicated that it had addressed the issue of rental income together with rental expenses and that it denied both for the reasons cited in Sheridon v. Sheridon, 03-103 (La.App. 3 Cir. 2/4/04), 867 So.2d 38. We find no error in the trial court’s ruling on this issue.
HEARING ON ACCOUNTING
Patricia next contends that the trial court erred calculating post-judgment net rental income and in not holding a hearing on the accounting submitted by Michael. We agree. Louisiana Revised Statute 9:2801 clearly contemplates a contradictory hearing to traverse an accounting of community assets. Accordingly, we vacate the trial court’s determination that the net rental income generated by the property is $3,856.04 and remand the case for a hearing on the accounting submitted by Michael.
I,.DECREE
For the foregoing reasons, the judgment of the trial court is reversed insofar as it amends the prior judgment of this court to award judicial interest; the judgment is affirmed insofar as it denies Patricia Glass’ claim for rental income between trial and judgment; the judgment is vacated insofar as it determines that the net rental income from July 12, 2006, through September 30, 2006, is $3,856.04 and the case is remanded for a hearing to traverse the accounting submitted by Michael Glass. All costs of these proceedings are taxed to appellant, Patricia Glass.
REVERSED IN PART; AFFIRMED IN PART; VACATED AND REMANDED IN PART.
PETERS, J., concurs in the result and assigns written reasons.