# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-963


**DARLENE KAY TYSON AND WILLIAM TOM TYSON, JR.**

**VERSUS**

**FLOYD KING AND HARTFORD INSURANCE COMPANY**


************

## APPEAL FROM THE
### NINTH JUDICIAL DISTRICT COURT
### PARISH OF RAPIDES, NO. 230,353
### HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

************

## JAMES T. GENOVESE
## JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and James T. Genovese, Judges.

Thibodeaux, Chief Judge, concurs in part and dissents in part and assigns written reasons.


### REVERSED AND REMANDED WITH INSTRUCTIONS.

**Gregory N. Wampler**
**Lemoine & Wampler**
**607 Main Street**
**Pineville, Louisiana 71360**
**(318) 473-4220**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    Darlene Kay Tyson and William Tom Tyson, Jr.

**Joseph H. Garbarino**
**Law Offices of Jeff R. Rytlewski**
**345 Doucet Road, Suite 104-A**
**Lafayette, Louisiana 70503**
**(337) 983-0710**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Floyd King and**
    **Property and Casualty Insurance Company of Hartford**

**GENOVESE, Judge.**

In this suit for personal injuries, Plaintiffs appeal the trial court's grant of summary judgment in favor of Defendants. For the following reasons, we reverse and remand with instructions.

## FACTS

On November 16, 2006, Darlene Kay Tyson was operating a motor vehicle southbound on Louisiana Highway 3225 (Highway 3225), a two-lane roadway in Rapides Parish, Louisiana, approaching its intersection with Ates Road. Simultaneously, Floyd King was proceeding northbound on Highway 3225. As Mr. King passed the intersection of Highway 3225 and Ates Road, he "blacked out" and crossed into the southbound lane of travel on Highway 3225. Mrs. Tyson, in an effort to avoid a collision with Mr. King, applied her brakes and lost control of her vehicle before coming to a stop on the roadway. As a result of her having to take this evasive action, Mrs. Tyson allegedly sustained personal injury. There was no impact between the Tyson vehicle and the King vehicle, nor was there any impact with the Tyson vehicle and any other vehicle or object.

Plaintiffs, Mrs. Tyson and her spouse, William Tom Tyson, Jr.,[1] filed suit against Defendants, Mr. King and his automobile liability insurer, Property and Casualty Insurance Company of Hartford (Hartford). Mr. King and Hartford filed a Motion for Summary Judgment which was heard by the trial court on September 22, 2008. At the conclusion of that hearing, the trial court deferred making a ruling "without further evidence." Following additional discovery, Defendants reurged their Motion for Summary Judgment which came before the trial court on June 1, 2009.

---

[1]Mr. Tyson asserted a claim for loss of consortium. Both parties, in brief, refer singularly to the claims of Mrs. Tyson. Given the derivative nature of his claim and for purposes of this opinion, unless otherwise indicated, we will likewise collectively refer to the Plaintiffs' claims as those of Mrs. Tyson.

The trial court orally granted Defendants' motion and signed a judgment consistent therewith dismissing the claims of Mrs. Tyson, with prejudice. Mrs. Tyson appeals.

## ISSUES

Mrs. Tyson presents the following issues for our review:

1. Did the trial court err in finding that [Mrs.] Tyson was no more than a "witness" to the accident because there was no physical impact between her vehicle and the King vehicle?

2. Did the trial court err in failing to use a duty-risk analysis in deciding the [M]otion for [S]ummary [J]udgment?

## LAW AND DISCUSSION

Both parties assert that a *de novo* review is the appropriate standard of review to be applied in this case. Although, generally, the *de novo* standard of review is employed by appellate courts reviewing summary judgments, this court has previously recognized the following distinction:

> In a case where there are no contested issues of fact, and the only issue is the application of the law to the undisputed facts, as in the case at bar, the proper standard of review is whether or not there has been legal error. *Hatten v. Schwerman Trucking Co.*, 04-1005 (La.App. 3 Cir. 12/8/04), 889 So.2d 448, *writ denied*, 05-076 (La. 3/18/05), 896 So.2d 1009 (citing *Cleland v. City of Lake Charles*, 02-805 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writs denied*, 03-1380, 03-1385 (La.9/19/03), 853 So.2d 644, 645).

*Bailey v. City of Lafayette*, 05-29, p. 2 (La.App. 3 Cir. 6/1/05), 904 So.2d 922, 923, *writs denied,* 05-1689, 05-1690, 05-1691, and 05-1692 (La. 1/9/06), 918 So.2d 1054, 1055.

Based upon the record of these proceedings, we find that the material facts are not in dispute. Accordingly, we must determine whether the trial court's grant of summary judgment constituted legal error.

In her first issue presented for our review, Mrs. Tyson asserts that the trial court

erroneously classified her as a "witness" to the subject accident given the absence of physical contact between her vehicle and Mr. King's vehicle. She contends that "[a]s a result of [Mr. King's] breach of [the] duty owed to her, she became a participant in the accident, even though there was no direct impact between the vehicles." Mrs. Tyson argues that "[s]he does not seek to recover as a result of witnessing an injury to another; she seeks to recover because she was involved in a traumatic accident as a result of the defendant's negligence." Mrs. Tyson concludes that "[s]ince she was a participant in the accident[,] she is entitled to recover." Because we find Mrs. Tyson's second issue to be inclusive of this argument, we will address both of these issues together.

Mrs. Tyson asserts on appeal that the trial court erred in not applying a duty-risk analysis to the facts of this case. She argues that Mr. King's actions, in crossing over the center line into her lane of travel, violated the provisions of La.R.S. 32:79.[2] Mrs. Tyson contends that this statutory duty "was imposed to protect against the risk of injuries such as that suffered by [her]" and that Mr. "King breached this duty by [his] failure to abide by [La.R.S. 23:79]." Continuing with the duty-risk analysis,

---

[2]Louisiana Revised Statutes 32:79 provides as follows:

> Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply.
>
> (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
>
> (2) The department may erect signs directing slow moving traffic to use a designated lane or designating those lanes to be used by traffic moving in a particular direction, and drivers of vehicles shall obey the directions of such signs.

3

Mrs. Tyson, concludes that "[t]he breach of the duty by [Mr.] King resulted in injuries to [her]." Moreover, "[t]he mere fact that the vehicles of [Mr.] King and [Mrs.] Tyson did not physically collide does not excuse the breach of the duty by [Mr.] King, nor does it absolve [him] or [Hartford] of liability."

To the contrary, Mr. King and Hartford classify the present matter as one involving a "non-accident." In their words, under the duty/risk analysis, it presents "[t]he broader legal issue [of] whether the risk of a person being allegedly injured by bringing their vehicle to a stop without any impact or trauma to the vehicle is within the scope of protection afforded by a motorist's duty to maintain control of their vehicle." They conclude that the requisite element of "legal or proximate cause" which "considers whether the risk of harm was within the scope of protection afforded by the duty breached" is lacking in the present case.

We find that the transcript of the hearing on the Motion for Summary Judgment reveals that the trial court granted the motion solely on the basis of a lack of physical contact between the vehicles. At the hearing on the Motion for Summary Judgment, the trial court stated the following:

> Okay. All right, I was interested in finding out if there were any cases, - I looked, too, - Counselor, if there were any involving a personal injury where there was no contact. I could not find any either. So, the Motion for Summary Judgment is granted and you will have to take it up with [the] Third Circuit.

However, this ruling of the trial court constituted legal error as there is no statutory or jurisprudential requisite of a physical impact between vehicles for the imposition of liability in a personal injury case arising out of a motor vehicle accident. Rather, the proper analysis in this negligence action is the duty/risk analysis.[3] This court has

---

[3]"The standard negligence analysis we employ in determining whether to impose liability under La.Civ.Code art. 2315 is the duty/risk analysis . . . ." *Rando v. Anco Insulations, Inc.*, 08-

4

recently explained the duty/risk analysis as follows:

> [I]n order for liability to attach under a duty/risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element). *See Roberts v. Benoit*, 605 So.2d 1032 (La.1991), *on rehearing*, 605 So.2d 1050, 1051 (La.1991).

*Higginbotham v. Rapides Found.*, 07-538, p. 8 (La.App. 3 Cir. 10/31/07), 968 So.2d 1226, 1232 (quoting *Davis v. Witt*, 02-3102, pp. 10-11 (La. 7/2/03), 851 So.2d 1119, 1127).

According to the record, and specifically the trial court's reasons for judgment, the trial court granted summary judgment in favor of Defendants based solely upon the fact that "there was no contact." We find that there is no statutory or jurisprudential requisite of a physical impact or contact between vehicles for the imposition of liability in a motor vehicle accident. The absence of physical contact between Mrs. Tyson's vehicle and Mr. King's vehicle does not necessarily absolve Mr. King from liability. The trial court committed legal error in granting Defendants' Motion for Summary Judgment without due consideration of a duty/risk analysis.

Consequently, we reverse the trial court's grant of summary judgment in this case and remand the case to the trial court with instructions that it address Defendants' Motion for Summary Judgment pursuant to a duty/risk analysis.

## DECREE

The judgment of the trial court granting summary judgment in favor of Floyd

---

1163, 08-1169, p. 26 (La. 5/22/09), 16 So.3d 1065, 1085.

King and Property and Casualty Insurance Company of Hartford and dismissing the claims of Darlene Kay Tyson and William Tom Tyson, Jr., is reversed.  The matter is remanded for further proceedings with instructions to the trial court that it address Defendants' Motion for Summary Judgment pursuant to a duty/risk analysis.  Costs of this appeal are assessed against Defendants/Appellees, Floyd King and Property and Casualty Insurance Company of Hartford.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-963

DARLENE KAY TYSON AND WILLIAM TOM TYSON, JR.

VERSUS

FLOYD KING AND HARTFORD INSURANCE COMPANY

**THIBODEAUX, Chief Judge, concurring in part and dissenting in part.**

A remand is neither necessary nor appropriate. Summary judgments are reviewed de novo, using the same criteria as the trial court in determining the appropriateness of a summary judgment, that is, whether there is a genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *See Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). An intermediate appellate court has the authority, duty, and responsibility to decide the case if the record before us is complete. La.Code Civ.P. art. 2164; *Gonzales v. Xerox Corp.*, 320 So.2d 463 (La.1975). This record is complete for summary judgment purposes.

For the foregoing reasons, I respectfully dissent in part.