# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 12-1016

KIMBERLY CRITTENDEN DAIGLE

VERSUS

MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC. AND KENNETH PAUL
DAIGLE

**\*\*\*\*\*\*\*\*\***
## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, NO. 2005-2784, DIVISION "K"
## HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\***

## JAMES T. GENOVESE
## JUDGE

**\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremilion, Judges.

**REVERSED.**

Charles G. Fitzgerald
Cox Fitzgerald, L.L.C.
113 West Convent Street
Lafayette, Louisiana 70501
(337) 233-9743
COUNSEL FOR DEFENDANT/APPELLANT:
    Kenneth Paul Daigle

**Gerald H. Schiff**
**Armistead M. Long**
**Ashley S. Green**
**Gordon, Arata, McCollam,**
**Duplantis & Eagan, LLC**
**400 East Kaliste Saloom Road, Suite 4200**
**Post Office Box 81829**
**Lafayette, Louisiana 70598-1829**
**(337) 237-0132**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Kimberly Crittenden Daigle**

**GENOVESE, Judge.**

Defendant, Kenneth Paul Daigle, appeals the trial court's grant of a motion for partial summary judgment in favor of Plaintiff, Kimberly Crittenden Daigle. Ms. Daigle has answered the appeal, seeking damages for frivolous appeal. For the following reasons, we reverse the trial court's grant of the partial summary judgment and we deny Ms. Daigle's request for damages for frivolous appeal.

## FACTS AND PROCEDURAL HISTORY[1]

Plaintiff and Defendant were married on April 2, 1994. On October 22, 2002, they jointly filed a Petition for Approval of Matrimonial Regime of Separation of Property in the Sixteenth Judicial District Court (16th JDC), Iberia Parish. Concomitant with their petition, on October 22, 2002, the parties entered into a Partition of Community Property Agreement, hereinafter referred to as the "Partition Judgment", and a judgment approving the Contract for Separation of Property Regime was signed by the trial court. The parties later instituted divorce proceedings in Iberia Parish and were granted a divorce on November 30, 2005.

On June 1, 2005, Ms. Daigle initiated separate proceedings in the Fifteenth Judicial District Court (15th JDC), Lafayette Parish, by filing a Petition for Monies Due, Damages, and for Physical Possession of Property against Mr. Daigle and his employer at that time, Merrill Lynch.[2] On December 17, 2008, Ms. Daigle filed a Petition to Make Judgment Executory and for Garnishment in the 15th JDC,

---

[1] The instant litigation has a lengthy procedural history and has been before this court twice before on appeal. For a detailed discussion of same, see *Daigle v. Merrill Lynch*, 11-965 (La.App. 3 Cir. 2/8/12), 85 So.3d 168, *writ denied*, 12-523 (La. 4/13/12), 85 So.3d 1253.

[2] Merrill Lynch was voluntarily dismissed from this suit in January 2008. Ms. Daigle later filed a First Supplemental and Amended Petition for Relief, Damages, and Attorney Fees and Return of Funds Held by Defendants Illegally and in Violation of Partition Agreement wherein she named as an additional defendant, a subsequent employer of Mr. Daigle, Linsco/Private Ledger Corp. (LPL). These claims were also dismissed.

seeking to make the Partition Judgment of October 22, 2002, rendered in the 16th JDC executory.

On February 15, 2011, Ms. Daigle filed a Second Supplemental and Amended Petition for Enforcement of Contract or Separation of Property and Partition Agreement, Qualified Domestic Relations Order, Legal Interest, and Attorney's Fees in the 15th JDC. After Mr. Daigle answered this petition, Ms. Daigle filed a motion for partial summary judgment, asserting that pursuant to the terms of the Partition Judgment of October 22, 2002, she was entitled to "a money judgment in her favor and against Kenneth Paul Daigle . . . in the amount of one million five hundred thousand dollars ($1,500,000.00), plus legal interest, attorneys' fees and costs." The trial court granted Ms. Daigle's motion for partial summary judgment and signed a judgment consistent therewith on May 31, 2012. Mr. Daigle has appealed this judgment, and Ms. Daigle has answered the appeal.

## ASSIGNMENT OF ERROR

On appeal, Mr. Daigle contends that "[t]he trial court erred as a matter of law in adding legal interest to a prior final judgment—here, the Partition Judgment of October 22, 2002—that is silent as to that issue." In her Answer to Appeal, Ms. Daigle seeks an award of damages for frivolous appeal.

## LAW AND DISCUSSION

As phrased by Mr. Daigle, "the controversy stems from the trial court's award of legal interest, not on the Judgment being appealed, but a prior final judgment that was silent as to that issue. The appropriateness of the interest award is the only issue on appeal."

Mr. Daigle seeks a de novo review of the record, asserting that "[w]hen, as here, the trial court misapplies the law, the standard of appellate review is *de novo* review." A de novo review is the proper standard of review in a summary

2

judgment case where there are contested issues of fact. *Guillot v. Guillot*, 12-109 (La.App. 3 Cir. 6/6/12), 92 So.3d 1212. However, "[i]n a case where there are no contested issues of fact[] and the only issue is the application of the law to the undisputed facts, . . . the proper standard of review is whether or not there has been legal error." *Tyson v. King*, 09-963, p. 2 (La.App. 3 Cir. 2/3/10), 29 So.3d 719, 720 (quoting *Bailey v. City of Lafayette*, 05-29, p. 2 (La.App. 3 Cir. 6/1/05), 904 So.2d 922, 923, *writs denied*, 05-1689, 05-1690, 05-1691, and 05-1692 (La.1/9/06), 918 So.2d 1054, 1055, and the cases cited therein). In this case, there are no facts in dispute; therefore, the proper standard of review is whether the trial court's grant of Ms. Daigle's motion for partial summary judgment constituted legal error.

The relevant portions of the October 22, 2002 Partition Judgment are as follows:

(1)    KENNETH PAUL DAIGLE does herewith bind and obligate himself to pay unto KIMBERLY CRITTENDEN DAIGLE the following sums, to-wit:

    (a)    THREE HUNDRED THOUSAND AND NO/100 ($300,000.00) DOLLARS, cash, due and payable immediately upon the execution of this PARTITION OF COMMUNITY PROPERTY AGREEMENT BETWEEN KENNETH PAUL DAIGLE AND KIMBERLY CRITTENDEN DAIGLE (herein "AGREEMENT") by the said KIMBERLY CRITTENDEN DAIGLE.

    . . . .

    (c)    ONE HUNDRED FIFTY THOUSAND AND NO/100 ($150,000.00) DOLLARS, cash, each year following the execution of this Agreement for a period of ten (10) consecutive years, the first of such annual payments due and payable within one (1) year from date of execution hereof; provided, however, if such amount does not equal fifty (50%) percent of KENNETH PAUL DAIGLE's yearly gross after tax earnings, then and in such event, the said KENNETH PAUL DAIGLE shall pay such additional sum of money each year to equal the aforesaid percentage of KENNETH PAUL DAIGLE's total annual net annual

earnings from his endeavors, such annual payments to continue for the aforementioned ten (10)-year period of time.

By contrast, the May 31, 2012 judgment provides, in pertinent part: "**IT IS ORDERED, ADJUDGED AND DECREED** that Kim Daigle's Motion for Partial Summary Judgment is GRANTED. As a consequence of the foregoing finding of law, Judgment is granted in favor of Kim Daigle and against Ken Daigle in the amount of $1,500,000.00 plus legal interest from the date each payment was due[.]"

A perusal and comparison of the foregoing judgments reveals that the May 31, 2012 judgment contains an obvious and substantial modification of the Partition Judgment by the inclusion of an award of legal interest. Neither statute nor jurisprudence allows for such a modification.

Louisiana Code of Civil Procedure Article 1951 provides that a final judgment may be amended under very limited circumstances. "A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance; or (2) To correct errors of calculation." *Id*. Moreover, as Mr. Daigle notes, this article "provides no authority for the trial court to amend its own final judgment to award judicial interest, let alone to amend a final judgment of another court."[3] In this case, the May 31, 2012 judgment of the 15th JDC impermissibly makes such an amendment to the Partition Judgment of the 16th JDC.

A similar claim made for interest was previously disallowed by this court in *Gremillion v. Gremillion*, 10-05 (La.App. 3 Cir. 7/7/10), 43 So.3d 1063, *writ*

_____

[3] In support thereof, Mr. Daigle cites *Glass v. Glass*, 08-1328 (La.App. 3 Cir. 4/1/09), 7 So.3d 118, *writ denied*, 09-988 (La. 6/19/09), 10 So.3d 743.

*denied*, 10-2125 (La. 12/10/10), 51 So.3d 726, which we find persuasive. In

*Gremillion*, this court opined as follows:

> In her first issue raised, Mrs. Gremillion argues that the trial court erred by finding that she was not entitled to legal interest on her prior money judgment in the December 11, 2006 judgment. She states that jurisprudence provides that judicial interest from the date of judgment is appropriate in cases where an equalizing payment is awarded in the division of community property, even in instances where the judgment is silent on the award. *See Reinhardt v. Reinhardt*, 99-723 (La.10/19/99), 748 So.2d 423; *Manno v. Manno*, 01-2138 (La.App. 1 Cir. 10/2/02), 835 So.2d 649.
>
> While we agree in principal with the holdings in *Reinhardt* and *Manno*, we find that both are distinguishable from the interest issue before us. In *Reinhardt*, the supreme court was not faced with a judgment silent as to interest. Instead, it was called upon to resolve the conflict among the appellate circuits as to when interest was to begin to run on a judgment. It concluded that interest was to run from date of judgment and not date of filing. The court in *Manno*, amended the *judgment being appealed* to provide for an interest award.
>
> **In the matter before us, Mrs. Gremillion argues that she is entitled to an interest award, not on the judgment being appealed, but on a prior final judgment that was silent as to that issue. We rejected this argument in the recent case of *Glass v. Glass*, 08-1328 (La.App. 3 Cir. 4/1/09), 7 So.3d 118, *writ denied*, 09-988 (La.6/19/09), 10 So.3d 743. Specifically, we held that once a judgment becomes final, no court is authorized to amend or modify its terms. *See* La.Code Civ.P. art. 1951; *Stevenson v. State Farm*, 624 So.2d 28 (La.App. 2 Cir.1993).**
>
> **We find no merit in this argument on the interest issue.**

*Id*. at 1066-67 (second emphasis added).

Ms. Daigle's present claim for legal interest is indistinguishable from those claims asserted in *Gremillion*. Ms. Daigle's claim is based upon the prior final judgment that was silent as to interest. The Partition Judgment of the 16th JDC is final, and Louisiana Code of Civil Procedure Article 1951 only empowers that court to amend that judgment for the limited purposes set forth in the article. However, neither the 16th JDC nor any court of another jurisdiction has the authority to *substantively amend* the Partition Judgment to now include an award

5

of legal interest.[4]

Finally, in her Answer to Appeal, Ms. Daigle seeks an award of damages for frivolous appeal. However, having found merit in Mr. Daigle's appeal and having reversed the trial court's grant of partial summary judgment, we deny Ms. Daigle's claim for damages for frivolous appeal.

## DECREE

For the foregoing reasons, we reverse the May 31, 2012 judgment of the trial court granting the motion for partial summary judgment in favor of Plaintiff, Kimberly Crittenden Daigle, and we deny Ms. Daigle's request for damages for frivolous appeal. All costs of this appeal are assessed to Kimberly Crittenden Daigle.

**REVERSED.**

---

[4] *See Sanders v. American Fidelity Fire Ins. Co.*, 98-308, p. 5 (La.App. 3 Cir. 9/23/98), 750 So.2d 210, 213, wherein this court stated: "The modification of the judgment in the case *sub judice* adds legal interest for ten years, a substantial sum. There was no agreement of the parties to do so. It is a substantive amendment to the judgment in this case."