## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-626

**PATRICK TERRILL RANDALL**

**VERSUS**

**XCEPTIONAL FLOORING, INC.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 12-06687
SHARON MORROW, WORKERS COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**James Christian Lewis**
**The Glenn Armentor Firm**
**300 Stewart Street**
**Lafayette, LA 70501**
**(337) 233-1471**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
        **Patrick Terrill Randall**

**Matthew Robert Richards**
**Attorney at Law**
**2237 S. Acadian Thruway**
**Baton Rouge, LA 70808**
**(225) 231-0521**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Xceptional Flooring, Inc.**
    **Louisiana Workers' Compensation Corporation**

**SAUNDERS, Judge.**

This is a workers' compensation case in which a floor installer was injured in a car accident while driving to pick up materials for a floor installation job. The floor installer filed a workers' compensation claim against his employer, Xceptional Flooring Inc., and its workers' compensation insurer, Louisiana Workers' Compensation Corporation (hereinafter "LWCC"). He filed a motion for partial summary judgment on the issue of whether he was in the course and scope of employment at the time of the accident. The trial court granted the motion. Defendants appeal. For the reasons discussed herein, we affirm.

### FACTS AND PROCEDURAL HISTORY

The undisputed facts are as follows. Plaintiff, Patrick Randall (hereinafter "Randall") was a subcontractor whom Xceptional Flooring, Inc. (hereinafter "Xceptional"), a floor installation business, contracted to perform work in new residential homes. Xceptional allowed Randall seven days to install the flooring for each job, but did not set hours or supervise Randall's daily work.

Steve Melancon (hereinafter "Melancon"), president and owner of Xceptional, testified at his deposition that on June 22, 2012, he sent Randall a text message instructing Randall to install tile at "Summerfield lot 12." Xceptional required Randall to pick up floor installation materials for his jobs at SouthPark Flooring (hereinafter "SouthPark") in Lafayette. Randall left his home that same morning to pick up the flooring materials.

Randall stopped at his brother's house, then continued on his way to SouthPark. During this second leg of his drive, he was involved in a collision between three vehicles. The collision involved a driver who was fleeing the police. The driver ran a stop sign, striking another vehicle which then struck Randall's car in a head-on collision. Randall suffered serious injuries.

Melancon testified during his deposition as follows:

Q: And it's your understanding that, at the time of his accident, [Randall] was driving to SouthPark to pick up materials for Exceptional's [sic] job, correct?

A: Yes.

After the accident, Melancon spoke with LWCC claims adjuster Lisa Huffty (hereinafter "Huffty"). Melancon testified at his deposition as follows:

Q: Did [Huffty] ask you whether or not Mr. Randall was doing a duty or a task for Exceptional [sic] Flooring?

A: Yes.

Q: And what did you tell her?

A: Yes.

In a letter dated September 27, 2012, Huffty opined that Randall was not in the course and scope of employment at the time of his injury and stated that LWCC would authorize no further treatment for him. Huffty testified at her deposition:

Q: What was the basis at the time to refuse Mr.Randall's benefits?

A: In most instances travel is not in the scope of employment. He wasn't being re-emburesed [sic] for his travel expenses and as an independent contractor his duty was to lay the floor.

Randall filed a disputed claim for compensation, alleging that he was entitled to medical and indemnity benefits because he was in the course and scope of employment at the time of the accident. Randall filed a motion for partial summary judgment on the issue of course and scope. The trial court granted the motion in favor of Randall, finding that at the time of the accident he "was in the course of performing duties for Xceptional Flooring and that the accident arose out of the performance of those duties." The trial court recognized the general rule that commuting to and from work is excluded from the course and scope of employment. According to the oral reasons for ruling, the trial court based its

2

finding on the "special mission" exception to the general rule, as well as the exceptions of employer consent and a duty that benefits the employer. Defendants appeal the partial summary judgment.

## ASSIGNMENT OF ERROR

On appeal, Defendants assert that it was legal error for the trial court to find that the Plaintiff was injured in the course and scope of his employment at the time of the motor vehicle accident that occurred at 8:17 a.m. on June 22, 2012.

## LAW AND ANALYSIS

*Motion to Supplement Record*

Randall filed a motion to supplement the appeal record, seeking to introduce a copy of LWCC's petition. Defendants oppose supplementing the record. This matter was referred for consideration with the merits of the appeal. It is well-settled that "[t]his court is not vested with the authority to receive new evidence and cannot consider evidence which was not part of the record before the trial court." *Brown v. State*, 06-709, p. 3 (La.App. 3 Cir. 11/2/06), 942 So.2d 721, 723 (citing *White v. W. Carroll Hosp., Inc.,* 613 So.2d 150 (La.1992)). Randall presents no reason why this rule should not apply to his case, and we find no such reason exists. Accordingly, the motion to supplement the record on appeal is denied.

*Course and Scope*

Summary judgment "is designed to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2). This court reviews summary judgments *de novo,* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Richard v. Hall,* 03-1488 (La. 4/23/04), 874 So.2d 131; *Goins v. Wal-Mart Stores, Inc.,* 01-1136 (La. 11/28/01), 800 So.2d 783. "In a case where there are no contested issues of fact[ ]

3

and the only issue is the application of the law to the undisputed facts, . . . the proper standard of review is whether or not there has been legal error." *Tyson v. King,* 09–963, p. 2 (La.App. 3 Cir. 2/3/10), 29 So.3d 719, 720 (quoting *Bailey v. City of Lafayette,* 05–29, p. 2 (La.App. 3 Cir. 6/1/05), 904 So.2d 922, 923, *writs denied,* 05–1689, 05–1690, 05–1691, and 05–1692 (La.1/9/06), 918 So.2d 1054). Because the parties set forth no disputed facts in the instant case, the standard of review is whether the trial court's grant of Randall's motion for partial summary judgment constituted legal error. *See Daigle v. Merrill Lynch*, 12-1016 (La.App. 3 Cir. 2/6/13), 107 So.3d 901.

Workers' compensation law is to be interpreted liberally in favor of the worker "in order to effectuate its beneficent purpose of relieving workmen of the economic burden of work-connected injuries by diffusing the cost in the channels of commerce." *Lester v. Southern Cas. Ins.,* 466 So.2d 25, 28 (La.1985); *see also Coats v. American Tel. & Tel. Co.,* 95-2670 (La.10/25/96), 681 So.2d 1243; *Harold v. La Belle Maison Apartments,* 94-889 (La.10/17/94), 643 So.2d 752. Nonetheless, the burden of proof is on the worker to prove his claim by a preponderance of the evidence. *McLin v. Indus. Specialty Contractors, Inc.,* 02-1539 (La. 7/2/03), 851 So.2d 1135.

In general, "an employee going to and from his place of employment is not considered as acting within the course and scope of his employment." *White v. Frenkel*, 615 So.2d 535, 540 (La.App. 3 Cir. 1993). This court explained the application of this rule in *Johnson v. Templeton*, 99-1274, pp. 7-8 (La. App. 3 Cir. 3/29/00), 768 So.2d 65, 70-71 *writ denied sub nom. Schaefer v. Templeton*, 00-1235 (La. 8/31/00), 766 So.2d 1276 and *writ denied*, 00-1912 (La. 8/31/00), 766 So.2d 1285 and *writ denied*, 00-1930 (La. 8/31/00), 766 So.2d 1286 (quoting *Orgeron v. McDonald,* 93-1353 (La.7/5/94), 639 So.2d 224, 226-27) as follows:

The going and coming rule applies nicely when the employee has a fixed place of work, so that his traveling back and forth between his home and his fixed place of work is almost never in the course of employment. Not all employees, however, work on the employer's premises or have a fixed place of work. The dispatching of employees to different work locations gives rise to many "shades of gray" in the otherwise "black and white" applications of the going and coming rule. When an employee is required to check in at a certain place and is then dispatched to the work site for that day, he is generally in the course of employment in the travel between the check in place and the work site, but not between home and the check in place. *See generally* Arthur Larson, *Law of Workman's Compensation* § 16 (1993). However, when an employee is instructed to report to different work sites which change periodically, without first reporting to a check in place, there are more variations in the determination of course and scope of employment.

In *Castille v. Sibille*, 342 So.2d 279 (La.App. 3 Cir.1977), this court set forth three specific exceptions to the general rule:

The courts have held employees entitled to workmen's compensation in those cases in which the employer had concerned himself with the transportation of his employees---he has furnished transportation; and/or the employee is furnished travel expenses or is paid wages for time spent in traveling---and in those cases in which the operation of the motor vehicle was the performance of one of the duties of the employment of plaintiff.

*Id.* at 281 (internal citations omitted). In addition, this court embraced second circuit jurisprudence to recognize the following exceptions to the general "going-and-coming rule" in *Williams v. Pilgrim's Pride Corp.*, 11-59, p.4 (La.App. 3 Cir. 6/1/11), 68 So.3d 616, 620, *writ denied*, 11-1793 (La. 10/21/11), 73 So.3d 384 and *writ denied*, 11-1794 (La. 10/21/11), 73 So.3d 384:

(1) [I]f the accident occurred on the employer's premises; (2) if the employee was deemed to be on a specific mission for the employer; (3) if the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses; (4) if the employee was doing work for his employer under circumstances where the employer's consent could be fairly implied; (5) if the employee was injured while traveling to and from one work site to another; (6) if the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee ("the threshold doctrine"); or

5

(7) if the operation of a motor vehicle was the performance of one of the duties of the employment of the employee. *L.J. Earnest Const. v. Cox,* 30,506 (La.App.2d Cir.5/13/98), 714 So.2d 150; *Yates v. Naylor Indus. Services, Inc.,* 569 So.2d 616 (La.App. 2d Cir.1990), *writ denied,* 572 So.2d 92 (La.1991)."

Xceptional argues that because Randall "had no normal work site and had no normal work hours," the special mission exception does not apply. It argues that this exception applies only to derogations from normal work sites and normal work hours. Were such an argument to succeed, no workers with various job sites and autonomous schedules would be eligible for the special mission exception---a result contrary to law. In fact, this court has previously stated that the absence of a normal work site and normal work hours gives rise to "shades of gray" in the application of the general "coming-and-going rule," rather than extinguishing the exceptions to the going and coming rule. *Johnson*, 768 So.2d at 70.

When the worker has a greater degree of flexibility, as here, we must look to the facts on a case-by-case basis. In the instant case, Randall was driving to pick up materials for a specific floor installation job pursuant to Melancon's instructions. We agree with the trial court that such a trip is a "specific mission" as contemplated by the rule setting forth exceptions in *Williams* above.

Furthermore, since Randall was instructed to pick up the materials for the floor installation job himself at that particular site, the "employer's consent could be fairly implied" and "the operation of a motor vehicle was the performance of one of the duties of the employment of the employee." *Williams*, 68 So.3d at 620. We find that each of these three well-established exceptions to the general coming-and-going rule applies such that Randall was in the course and scope of employment during his drive to SouthPark.

Xceptional argues the instant case is similar to *Mundy v. Dep't of Health & Human Res.*, 593 So.2d 346 (La.1992), wherein the supreme court found a nurse to

6

be outside the course and scope of employment when she was stabbed at her workplace. The court found that she was outside the course and scope because she had not yet checked in to the nurse's station to begin her work duties at the time of her injury. *Mundy* is readily distinguishable from the instant case because the act of picking up floor installation materials was part of Randall's duties. Randall was not merely traveling toward the point at which his workday would begin. Unlike the nurse walking to check in at her station and then begin work, an integral part of Randall's work was the very act of driving to pick up the materials.

The instant case is far more analogous to *White v. Frenkel*, 615 So.2d 535, 537 (La.Ap.. 3 Circ. 1993), in which a worker was involved in an automobile accident while driving on tour as a professional wrestler. *White* dealt with the issue of course and scope of employment in the context of *respondeat superior* liability rather than workers' compensation. However, in an analysis appropriate to the instant case, this court found that the worker in *White* was in the course and scope of his employment at the time of the accident because, even though he was not actually wrestling at the time of his injury, his employer "could not accomplish its goal without the entertainer/wrestlers travelling extensively." *Id.* at 541. Likewise, although Randall was not actually installing flooring at the time of his accident, like the employer in *White*, Xceptional could not accomplish its goal of a finished product made of the materials available at SouthPark without Randall driving to SouthPark to pick them up for his installation job. It is clear that Randall was in the course and scope of employment at the time of his injury.

7

CONCLUSION

Defendants, Xceptional Flooring Inc. and LWCC, allege that the trial court erred in granting Plaintiff Patrick Terrill Randall's motion for partial summary judgment on the issue of course and scope of employment. We find that Plaintiff was in the course of scope of his employment at the time of his injury. The trial court properly granted the motion. Therefore, we affirm the trial court's ruling granting partial summary judgment on this issue. All costs of this appeal are assessed to Defendants, Xceptional Flooring Inc. and LWCC.

**AFFIRMED.**